# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 8, 2008

137511

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

In re:

HON. CATHERINE BOVE STEENLAND.          SC: 137511
                                        RFI NO. 08-17699

_____/

The Judicial Tenure Commission has issued a Decision and Recommendation for an Order of Discipline, to which the respondent, 39th District Court Judge Catherine Bove Steenland, consents. It is accompanied by a Settlement Agreement, in which the respondent waived her rights and consented to a public censure and a 90-day suspension without pay.

In resolving this matter, we are mindful of the standards set forth in *In re Brown*, 461 Mich 1293 (2000):

Everything else being equal:

(1) misconduct that is part of a pattern or practice is more serious than an isolated instance of misconduct;

(2) misconduct on the bench is usually more serious than the same misconduct off the bench;

(3) misconduct that is prejudicial to the actual administration of justice is more serious than misconduct that is prejudicial only to the appearance of propriety;

(4) misconduct that does not implicate the actual administration of justice, or its appearance of impropriety, is less serious than misconduct that does;

(5) misconduct that occurs spontaneously is less serious than misconduct that is premeditated or deliberated;

(6) misconduct that undermines the ability of the justice system to discover the truth of what occurred in a legal controversy, or to reach the most just result in such a case, is more serious than misconduct that merely delays such discovery;

(7) misconduct that involves the unequal application of justice on the basis of such considerations as race, color, ethnic background, gender, or religion are more serious than breaches of justice that do not disparage the integrity of the system on the basis of a class of citizenship.

In the present case, those standards are being applied in the context of the following stipulated findings of fact of the Judicial Tenure Commission, which, following our de novo review, we adopt as our own:

1.  The respondent was, at all material times, a judge of the 39th District Court, Macomb County, Michigan.

2.  As a judge, she is subject to all the duties and responsibilities imposed on her by the Michigan Supreme Court, and is subject to the standards for discipline set forth in MCR 9.104 and MCR 9.205.

3.  On June 7, 2008, the respondent was operating a motor vehicle on North Ogemaw Trail, a highway in Ogemaw County, Michigan, after consuming beer.

4.  As a result of the respondent's alcohol consumption, the respondent was intoxicated.

5.  After being placed under arrest, the respondent submitted to a blood alcohol test, which showed a result of 0.23 grams per 100 milliliters of blood.

6.  On July 17, 2008, in 82nd District Court in West Branch, Michigan, the respondent pleaded guilty to, and was convicted of, operating a motor vehicle while visibly impaired, contrary to MCL 257.625(3).

7.  The respondent has pled guilty to the commission of a misdemeanor designed to promote public safety.  The commission of a crime by a judge erodes public confidence in the judiciary, which is prejudicial to the administration of justice.

After reviewing the recommendation of the Judicial Tenure Commission, the settlement agreement, the standards set forth in *Brown*, and the above findings of fact, we accept the recommendation of the Commission and ORDER that Honorable Catherine Bove Steenland be publicly censured and suspended without pay for 90 days, effective December 18, 2008.  This order stands as our public censure.



I,  Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 8, 2008

Clerk

p1203